UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEANNA MICHELLE SCRAGGS, )<br>individually and on behalf of her children, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LA PETITE ACADEMY, INC., )<br>)<br>Defendant. ) | No.: 3:05-CV-539<br>(VARLAN/GUYTON) |

## MEMORANDUM OPINION

This civil action involves a variety of claims asserted by Deanna Scraggs, individually and on behalf of her children, Taylor Gilbert and Bradley Newman, against La Petite Academy, Inc. This case is presently before the Court on defendant's Motion to Dismiss [Doc. 4] for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(6). Plaintiffs have responded in opposition to defendant's motion [Doc. 7] and defendant has filed a reply [Doc. 9]. Thus, the motion is now ripe for determination.

The Court has carefully reviewed the pending motion and the responsive pleadings. For the reasons set forth herein, defendant's motion will be granted in part and denied in part.

**I.      Summary of Facts**

As the Court is required to do on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court will construe the complaint [Doc. 1, Ex. 1] in the light most favorable to plaintiffs,

accept all well-pleaded factual allegations as true, and determine whether plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

In February and June of 2005, respectively, Scraggs enrolled her two children in La Petite Academy, Inc., a national daycare center with a branch in Knoxville, Tennessee. As part of the enrollment process, Scraggs received a welcome letter and parent handbook. Plaintiffs allege that "certain representations were made" in each of those documents, but do not specify what those representations were. [Doc. 1, Ex. 1 at ¶¶ 6-7].

In July 2005, the two children reported to Scraggs that "gangster rap" was being played at La Petite Academy. As a result, Scraggs approached the director of La Petite Academy and one of its teachers and requested that gangster rap no longer be played at the center. While plaintiffs contend that both the director and teacher agreed to this request, Scraggs claims that shortly thereafter, she "heard one of her children singing versus [sic] of gangster rap" and the child said the lyrics had been learned from music being played at La Petite Academy. [*Id.* at ¶ 10.] Scraggs then spoke with two more teachers at La Petite Academy and "requested that her children not be allowed to listen to any songs that mention sex or sexual innuendo." [*Id.* at ¶ 11].

Thereafter, Scraggs's children made a number of allegations about activity occurring at La Petite Academy.[1] First, one of the children claimed that a teacher at La Petite Academy

---

[1] The complaint never specifies which of Scraggs's children made particular allegations; instead, the complaint only references "the minor child" or "said children." [Doc. 1, Ex. 1 at ¶¶ 13-14].

2

told the child "to lie to their mother about the [rap] music not being played." [Doc. 1, Ex. 1 at ¶ 12]. Then, one of the children claimed that another teacher at La Petite Academy "informed the entire class that they could not listen to music because the minor child was not allowed to listen to the music." [*Id.* at ¶ 13]. As a result, the child was allegedly "made fun of" and "assault [sic] and battered" by other students at the day care center. [*Id.* at ¶¶ 14-15].

Plaintiffs then allege that in mid-August 2006, the director of La Petite Academy "traveled to Karns Elementary and spoke to one of the minor children's teachers about this incident."[2] [*Id.* at ¶ 17]. At this point, Scraggs obtained a lawyer. Plaintiffs claim that upon informing the director of La Petite Academy that they had done so, Scraggs "was not allowed to return to La Petite Academy for the services of her children." [*Id.* at ¶ 19].

Plaintiffs filed suit in Knox County Circuit Court, alleging misrepresentation, breach of contract, violation of the Tennessee Consumer Protection Act ("TCPA"), fraud, retaliation, invasion of privacy, and intentional infliction of emotional distress on the part of defendant. Defendant subsequently removed this case to the United States District Court for the Eastern District of Tennessee.

---

[2]The complaint does not specify whether Scraggs's children attend Karns Elementary School. However, in keeping with the requirement that the complaint be construed in the light most favorable to plaintiffs, the Court will assume for the purpose of this motion that the children are both students at Karns Elementary School. Plaintiffs also do not explain which incident they are referring to in discussing "this incident."

3

## II. Analysis

### A. Standard of Review

Defendant has moved to dismiss the plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, "the essential elements of a plaintiff's claim must be alleged in more than vague and conclusory terms" if such a claim is to survive a Rule 12(b)(6) motion. *NicSand, Inc. v. 3M Co.,* 457 F.3d 534, 541 (6th Cir. 2006) (internal citations removed). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Chapman v. City of Detroit*, 80 F.2d 459, 465 (6th Cir. 1986). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

The Court will address the arguments made as outlined in defendant's motion.

B.  Negligent Misrepresentation

Defendant argues that plaintiffs have "merely stated the elements of the tort of negligent misrepresentation," but have failed to allege any facts supporting their allegation that defendant committed that tort. [Doc. 5 at 4.] Plaintiffs respond that the complaint satisfies the requirements for notice pleading. [Doc. 8 at 2-3.]

Defendant is correct that plaintiffs' complaint does little more than set forth the elements of the tort of negligent misrepresentation. However, it does provide some factual allegations tying actions by defendant to those elements. For example, plaintiffs allege defendant failed to exercise reasonable care in communicating the information contained in the welcome letter and parent handbook received by plaintiffs and that representations made in those publications were false. [Doc. 1, Ex. 1 at ¶¶ 21-22.]. Accordingly, defendant's motion to dismiss the negligent misrepresentation claim will be denied.

C.  Breach of Contract

Defendant notes that it is unclear from plaintiffs' complaint what they are basing their breach of contract claim upon, but argues that if plaintiffs contend that a contractual relationship was formed on the basis of the welcome letter and/or parent handbook, neither of those documents constitute contracts. [Doc. 5 at 5.] Defendant argues that because the parent handbook contains disclaimer language and because neither document is "contractual" in nature, neither can be contracts. [Doc. 5 at 5.] Plaintiff argues that even if the parties had not executed a written contract, their breach of contract claim "is being pursued whether same [sic] be oral, written, implied or express." [Doc. 8 at 6.]

Here, the Court is presented with the relatively flimsy allegations by plaintiffs that "a valid contractual relationship existed between Plaintiffs and Defendant" and that defendant breached that alleged contract by "[n]ot abiding by the terms of the welcome letter and Parent Handbook; [u]njustly cancelling the contract; [r]etaliating against the Plaintiffs for voicing concerns; and [c]ontinuing to play gangster rap even though they said they wouldn't." [Doc. 1, Ex. 1 at ¶ 26.] Taking those allegations as true for the purposes of a motion to dismiss, the Court is simply unable to conclude on the present record that these facts are insufficient to state a claim. Accordingly, defendant's motion to dismiss the breach of contract claim will be denied.

    D.    <u>Fraud</u>

Defendant argues that plaintiffs' fraud claim should be dismissed because they failed to plead it with particularity as required by Federal Rule of Civil Procedure 9(b). [Doc. 5 at 6.] Plaintiffs do not dispute that Rule 9(b) is applicable to this claim, but contend that they have pled with the requisite particularity. [Doc. 8 at 6.] Plaintiffs argue that the specificity requirement of Rule 9(b) only requires that they allege that "the Defendant, through its agents, committed fraud against the Plaintiffs by engaging in the following acts: by lying to the Plaintiffs about gangster rap not being played anymore; by lying to the Plaintiffs regarding why the minor children were no longer welcome in La Petite; and by lying to the Plaintiffs regarding what was occurring inside La Petite." [Doc. 8 at 6-7.]

To establish a prima facie case of fraud in Tennessee, plaintiffs must establish that defendant: (1) made an intentional misrepresentation with regard to a material fact; (2) had

knowledge of the representation's falsity; (3) plaintiffs reasonably relied on the misrepresentation and suffered damages as a result of such reliance; and (4) that the misrepresentation related to an existing or past fact. *Alley v. Quebecor World Kingsport, Inc.*, 182 S.W.3d 300, 303 (Tenn. Ct. App. 2005). The heightened pleading requirement of Rule 9(b) requires that a plaintiff alleging fraud identify the particular defendant responsible for the alleged misrepresentations in order "to enable a particular defendant to determine with what it is charged." *Hoover v. Langston Equipment Ass'n, Inc.*, 958 F.2d 742, 745 (6th Cir. 1992). At a minimum, this requires a plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993) (internal citations removed). Here, plaintiffs have failed to state what the fraudulent intent of the defendant was, nor have they specified how they were harmed by defendant's alleged fraud. Accordingly, the Court will dismiss plaintiffs' fraud claim.

    E.    TCPA Violation

Defendant argues that plaintiffs' TCPA claim should be dismissed on the grounds that it also was not pled with adequate particularity as required by Tennessee Rule of Civil Procedure 9.02. [Doc. 5 at 7.] As with the fraud claim, plaintiffs argue that they have pled their TCPA claim with sufficient particularity. [Doc. 8 at 7.]

To establish a prima facie case of violation of the TCPA, plaintiffs must prove: (1) defendant engaged in an act or practice that is unfair or deceptive as defined under the

TCPA; and (2) plaintiffs suffered a loss of money, property, or a thing of value as a result of the unfair or deceptive act of defendant. Tenn. Code Ann. § 47-18-109 (2006). Defendant correctly notes that Tennessee courts apply the particularity requirement of Rule 9.02 to claims brought under the TCPA. *Harvey v. Ford Motor Co.*, 8 S.W.3d 373, 375 (Tenn. Ct. App. 1999). To satisfy that requirement, a complaint alleging violation of the TCPA must charge "misrepresentation, deceit, and concealment, and minimally [set] forth the facts." *Sullivant v. Americana Homes, Inc.* Here, plaintiffs have presented the bare allegation that "the Defendant, through its agents, intentionally misled the Plaintiff in the welcome letter, Parent Handbook, subsequent negotiations and communications with the Plaintiff and these misrepresentations were both deceptive and unfair." [Doc. 1, Ex. 1 at ¶ 29.] There are no facts indicating how the alleged misrepresentation of defendant was deceptive and/or unfair, nor that plaintiffs suffered a loss as a result of it. Accordingly, the Court will dismiss plaintiffs' TCPA claim.

F.  Retaliation

Defendant argues that plaintiffs' claim of retaliation should be dismissed because retaliation outside of the employment context is not a recognized tort in Tennessee. [Doc. 5 at 8.] Plaintiff essentially concedes this point, admitting that "this was not an employee/employer setting." [Doc. 8 at 7.] However, plaintiffs argue the retaliation claim should not be dismissed because that claim "is subsumed in the breach of contract action." [*Id.*]

8

Defendant is correct that there is no general tort of retaliation under Tennessee law. Accordingly, that claim will be dismissed.

G. <u>Invasion of Privacy</u>

Defendant argues that plaintiffs' claim that defendant committed the tort of intrusion should be dismissed because no Tennessee court has found a discussion about an individual to constitute intrusion. [Doc. 5 at 10.] Plaintiff contends, rather circularly, that defendant's argument that Tennessee courts have not found a discussion actionable as intrusion "implies that a Tennessee court can find a mere discussion actionable." [Doc. 8 at 8.]

Under Tennessee law, "'one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability, to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.'" *Givens v. Mullikin ex. rel. Estate of McElwaney*, 75 S.W.3d 383, 411 (Tenn. 2002) (quoting *Roberts v. Essex Microtel Assocs., II, L.P.*, 46 S.W.3d 205, 211-212 (Tenn. Ct. App. 2001). In their complaint, plaintiffs do little more than assert the elements of the cause of action of intrusion, claiming that "[t]he Defendant intentionally intruded upon the solitude and seclusion of the Plaintiffs by going to Karns school [sic] discussing what was occurring with the teacher" and that "[t]he intrusion by the Defendant would be highly offensive to a reasonable person." [Doc. 1, Ex. 1 at ¶¶ 38-39].

Again, the court cannot assess the viability of plaintiffs' intrusion claim based upon the bare allegations of the complaint and defendant's motion. However, taking those allegations as true for the purposes of a motion to dismiss, the Court is simply unable to

9

conclude on the present record that these facts are insufficient to state a claim. Accordingly, defendant's motion to dismiss the intrusion claim will be denied.

      H.      Intentional Infliction of Emotional Distress

Defendant argues that plaintiffs' claim of intentional infliction of emotional distress should be dismissed because the conduct alleged, even if true, does not rise to the level of outrageous conduct. [Doc. 5 at 11.] Plaintiffs contend that because the acts alleged in the complaint involve children, plaintiffs should be afforded "a lessened [sic] stringent standard when it comes to pleading." [Doc. 8 at 9.]

The three elements of a claim for outrageous conduct or intentional infliction of emotional distress in Tennessee are as follows: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury. *Miller v. Willbanks*, 8 S.W.3d 607, 612 (Tenn. 1999) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In assessing whether particular conduct is so intolerable as to be tortious, the Tennessee Supreme Court has adopted the following standard:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community

10

would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'

*Bain*, 936 S.W.2d at 623.

After citing numerous cases illustrating the high standard that must be met for conduct to be considered extreme and outrageous, defendant contends that none of plaintiffs' allegations, even if true, come close to approaching that level. [Doc. 5 at 11-13.] While the Court has reservations about plaintiffs' claims, the Court cannot conclude, on reviewing a motion to dismiss, that the plaintiffs can prove no set of facts that would entitle them to relief. Accordingly, defendant's motion to dismiss the intentional infliction of emotional distress claims will be denied at this juncture.

**III.     Conclusion**

For the reasons set forth herein, defendant's motion to dismiss [Doc. 4] will be **GRANTED** as to plaintiffs' retaliation claim and that claim will be dismissed with prejudice; **GRANTED** as to plaintiffs' fraud and TCPA claims and those claims will be dismissed without prejudice; and **DENIED** as to plaintiffs' negligent misrepresentation, breach of contract, invasion of privacy, and intentional infliction of emotional distress claims.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE